# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROWLAND D. PUGH,<br><br>  Plaintiff,<br><br>  v.<br><br>TERHUNE, et.al.,<br><br>  Defendants.<br>_____/ | CV F 01-5017 OWW LJO P<br><br>ORDER DENYING MOTION TO SUPPLEMENT PLEADINGS (Doc. 77)<br><br>ORDER GRANTING DEFENDANTS EXTENSION OF TIME TO FILE DISPOSITIVE MOTION (Doc. 78.) |

Rowland D. Pugh ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On October 20, 2004, this Court issued a Scheduling Order setting forth a deadlines of April 12, 2005, for close of discovery, an Amended Pleadings deadline of May 12, 2005, and a dispositive motion deadline of June 13, 2005.

On June 6, 2005, Plaintiff filed a Motion to Supplement Pleadings. On June 8, 2005, Defendants filed a Motion to Extend the Dispositive Motion deadline. These Motions are currently pending before the Court and will be resolved below.

**A. Motion to Supplement Pleadings**

As noted above, the deadline for the amendment of pleadings expired on May 12, 2005.

1

Plaintiff acknowledges this in his Motion, however, Plaintiff did not request that the deadline to amend be extended and further, sets forth no justification for his delay in seeking to amend the pleadings. The Court has further reviewed the documents submitted by Plaintiff which are quite lengthy. According to the Court docket, there are four parts to the document, including the actual Motion, which is the first part. Each of the first three parts consist of 45 pages each. The first page of the "Motion" (and one line of the second page), merely indicates that Plaintiff is the Plaintiff in the action and sets forth the deadline for the submission of amended pleadings.

Plaintiff indicates that he filed a declaration on May 2, 2005, and in that declaration, Plaintiff states that he handed Defendants the Supplemental pleadings and intends to file them with the court. The third page consists of a table of contents which sets out the rest of the "Motion" in exhibit format. From a review of these documents, it appears that Plaintiff may be trying to Amend the entire Complaint. However, because of the format, it is wholly unclear what Plaintiff's intentions are. Even assuming that is Plaintiff's intent, the proposed Amended Complaint consists entirely of exhibits, and is quite lengthy and likely in violation of Rule 8(a) of the Federal Rules of Civil Procedure. In any event, the Court will not expend judicial resources in reading every exhibit and attempting to guess at Plaintiff's intent. Moreover, as Plaintiff made no request to extend the Amended Pleadings deadline and provides no justification for the late filing of the submission, the Motion to "supplement pleadings," filed on June 6, 2005, after the expiration of the Amended Pleadings deadline, is DENIED.

**B. Motion for Extension of Dispositive Motion Deadline**

On June 8, 2005, Defendants filed a Motion to Vacate deadlines pending the resolution of the above Motion filed by Plaintiff or, in the alternative, an extension of the dispositive motion deadline. Defendants confirm that Plaintiff handed Defendants documents at his deposition and stated that he intended to file them with the Court. Because of this, Defendants state that they did not conduct further work on the dispositive Motion. However, Plaintiff did not file the supplements until after the deadline and the deadline for the filing of dispositive motions began to encroach.

Good cause having been presented, Defendant's Motion to Extend the Dispositive

1  Motion Deadline is GRANTED.

2  **C. Order**

3      The Court HEREBY ORDERS:

4      1.    The Motion to Supplement Pleadings is DENIED as untimely; and

5      2.    The Motion to Extend the Dispositive Motion Deadline is GRANTED. Any

6          dispositive Motion is due within FORTY FIVE (45) days from the date of service

7          of this Order.

9  IT IS SO ORDERED.

10  **Dated:   June 10, 2005**           /s/ Lawrence J. O'Neill
b9ed48                            UNITED STATES MAGISTRATE JUDGE