# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROWLAND D. PUGH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAL TERHUNE, et. al.,<br><br>　　　　　Defendants.<br>_____/ | CV F  01 5017 OWW LJO P<br><br>ORDER GRANTING MOTION TO SEAL EXHIBIT 1 (VIDEOTAPE) AND MOTION FOR PERMISSION TO SUBMIT VIDEO RECORDING (Docs. 90, 91.) |

　　　　Rowland D. Pugh ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　On September 2, 2005, Defendants filed a Motion for Summary Judgment, Memorandum/Response in Support of Motion for Summary Judgment, and a Statement of Undisputed Facts.  (Docs. 86, 87, 88.)  Defendants also filed a Motion for Permission to file Video Recordings in Support of the Motion for Summary Judgment and a Notice of Motion and Motion for Protective Order (Docs. 90, 91.)

　　　　Defendant first seeks permission to file the video recording with the Court as the recordings are "undisputable records of the events which occurred during the cell extraction." (Motion for Permission at 1.)

　　　　In the Motion for Protective Order sealing the videotape (Exhibit 1 to Motion for Summary Judgment), Defendants request that the Court seal the videotape to prevent disclosure to the public and also issue an order protective order prohibiting its release to Plaintiff.  (Motion

for Protective Order at 1.) Defendants state that:

> . . . such videotapes of cell extractions are "considered by the California Department of Corrections and Rehabilitation (CDCR) to be confidential and not made part of an inmate's CDCR file. Prison officials believe that the release of the videotape could endanger the safety and security of the institution. Particularly, this tape could wind up in the hands of other inmates who could use it to learn how officers prepare for and implement such cell extractions, which could lead to injury or worse of a guard or inmate in future cell extraction.

(Motion for Protective Order at 2.) Defendants conclude by asking the Court for a protective order prohibiting disclosure to anyone other than the parties and allowing Plaintiff to view the tape but not possess a copy. Id. Defendants also submit a proposed Order that allows Plaintiff to view the tape but only at the "Federal Eastern District Courthouse at a time and place convenient for this Court."

Local Rule 39-141(a) provides that documents may be sealed only upon written Order of the Court. Local Rule 32-141(a). Although the videotape was not submitted to the Court, the Court has examined the declaration of Lt. R. Coles who complied the redacted version of the videotape and also basis for the Motion advanced by Counsel for Defendants and finds good cause for sealing the documents from public view/access. Accordingly, Defendant's Motion to Seal Exhibit 1 (videotape) from public access will be GRANTED. Defendants will be required to *lodge* a copy of the videotape with the Court immediately which will then be sealed pursuant to this Order and will not be unsealed absent a Court Order.[1]

Defendants SHALL make the a copy of the videotape lodged with the Court available to Plaintiff for a non-verbal showing to Plaintiff (and Counsel should he have any) at the Office of the Attorney General. Plaintiff should contact the Counsel for Defendant to make arrangements for viewing.

Within THIRTY (30) days of the date of service of this Order, Defendants SHALL file a "Status Report" indicating the date Plaintiff viewed the videotape or that reasonable opportunity to view the tape was made to Plaintiff but not accepted. Should Plaintiff choose to view the

---

[1] Pursuant to Local Rule 39-141(d), items to be made nonpublic are to be filed and served in paper format for *in camera* consideration of the sealing request. Where, as here, the item is not a paper document, but a videotape, it should be lodged with the Court for *in camera* consideration of the sealing request.

1 videotape, his Opposition to the Motion for Summary Judgment will be due within thirty (30)
2 days of the date of viewing.  In the event Plaintiff chooses not to view the videotape, his
3 Opposition is due thirty (30) days from the date of service of this Order.
4      Accordingly, the Court HEREBY ORDERS:
5   1.   The Motion for Permission to Seal and Motion for Order Sealing the Videotape
6      (Exhibit 1 to Motion for Summary Judgment) is GRANTED;
7   2.   Defendants SHALL *lodge* a copy of Exhibit 1 along with a copy of this Order
8      immediately or as soon as possible after the issuance of this Order;
9   3.   Defendants SHALL make Exhibit 1 available for viewing by Plaintiff at the
10     Office of the Attorney General;
11   4.   Within THIRTY (30) days of the date of service of this Order, Defendant's
12     SHALL file a "Status Report" in which they inform the Court whether Plaintiff
13     has or has not exercised his right to view the videotape; and
14   5.   Plaintiff's Opposition to the Motion for Summary Judgment is due within
15     THIRTY days of the date he views the videotape, or, if he chooses not to view the
16     videotape, within THIRTY (30) days of the date of service of this Order.
17 IT IS SO ORDERED.
18 **Dated:   October 6, 2005**        **/s/ Lawrence J. O'Neill**
b9ed48        UNITED STATES MAGISTRATE JUDGE
19
20
21
22
23
24
25
26
27
28